KAHLER ET AL. V. HANSON ET AL.

1. **Lease**: RENT: APPLICATION OF PAYMENTS. Where a written lease of a farm was signed by two as lessees, it was held that grain raised on the farm and delivered to the lessors could not be applied in payment of the individual debt of one of the lessees, leaving the rent unpaid, without the consent of both lessees, and this whether they were cotenants under the lease, or one was merely surety for the other.

2. **Promissory Note**: TAKEN FOR MORTGAGED PROPERTY. The mortgagee of chattel property has no claim upon a note taken by the mortgagor in payment for such property, and transferred to a third party having no notice of the consideration.

*Appeal from Clinton Circuit Court.*

FRIDAY, JUNE 11.

ACTION to recover rent due upon a lease. One of the defendants interposed an equitable defense. There was a judgment and decree for plaintiffs; both parties appeal. The facts of the case appear in the opinion.

*K. W. Wheeler*, for plaintiffs.

*Cotton & Wolfe* and *Merrell & Howat,* for defendants.

BECK, J.—I. The petition declares upon a lease for a farm, executed by William Hanson and C. E. Dinehart, the plaintiffs being the lessors. The defendant Dinehart alleges in a separate answer that he executed the lease as a surety for his co-defendant, who delivered to plaintiffs certain grain and a note, of the aggregate value of $208.97, to be applied in payment of the rent, but plaintiffs have failed to credit the payment upon the rent, and have applied it in payment of another debt due from Hanson; that he held certain chattel mortgages upon property of Hanson, including the grain delivered to plaintiffs, and that plaintiffs had a lien upon the grain for the payment of the rent due on the lease. Equitable relief is sought in the answer.

The court found that $136.22 of the sum for which defendants claim credit ought not to be so applied, but the balance of the sum was a payment upon the rent. From this decision both parties appeal, and assign various errors assailing the judgment of the court. The defendants insist that the case is to be tried as a law action in this court. It seems to have been tried as an equitable action in the court below, though the abstract is by no means clear upon that point. We think, however we may regard the case, the judgment of the court below must be reversed on defendants' appeal, and modified and affirmed on plaintiffs' appeal. It becomes unimportant to determine the question whether the case is to be tried here as a law or equitable action.

II We will proceed first to notice the objections made to the judgment by the defendants. These involve the determination of this question: Did the court correctly hold that defendants should not have credit for the proceeds of the grain to the amount of $136.22?

1. LEASE: rent: application of payment.

It is a question in the case whether Dinehart was the surety of Hanson, or they were co-tenants of the land. We think, whether Dinehart was a surety or co-tenant, the plaintiff could not, as against him and without his consent, appropriate the grain raised upon the leased premises in payment of a claim he held, other than for rent, until the rent was paid. There is no dispute that the grain for which defendants claim credit was raised upon the leased farm, and that Dinehart did not assent to the proceeds thereof being applied to the payment of the rent. The plaintiffs had a lien upon this grain for the rent. Now, they cannot, as against the surety, abandon their lien and charge defendants for a sum in arrears, which they could have realized by enforcing the lien. *The City of Maquoketa v. Willey*, 35 Iowa, 323.

III. If it is found that Dinehart was not a surety for Hanson, but a co-tenant under the lease, we conclude that the decision of the court, as to the items now under consideration, is erroneous.

The case presents this state of facts: If the defendants were co-tenants, the grain was their joint property, of which plaintiffs had full notice. Dinehart and Hanson, as co-tenants, jointly owed plaintiffs for the rent of the farm. Hanson owed a separate and individual debt. That plaintiffs, in the absence of the assent of Dinehart and Hanson, could not apply the value of grain delivered to them by Hanson as joint property of defendants upon Hanson's individual debt, cannot be doubted. That Dinehart did assent to such application is, we think, not claimed, and we conclude, upon the whole testimony, that Hanson's assent is not established. He testifies, positively, that he did not authorize the payment to be applied to his individual debt. Two of the plaintiffs testify that he did so authorize it. The testimony of Hanson is against his interest, or his interest is at least balanced between the parties. The testimony of plaintiffs is all in accord with their interest. Besides, if we credit their testimony, we must convict them, upon their own word, of an

intention to wrong Dinehart, which was shared by Hanson. We will give credit to Hanson's testimony, which acquits them all of a conspiracy to defraud Dinehart, and shows a purpose of fair dealing on the part of all concerned.

IV. We will now proceed to consider the objections made by plaintiffs to the decree of the court below.

Plaintiffs received from Hanson grain raised on the farm of the value of $72.75, in addition to the grain above referred

2. PROMIS-SORY note: taken for mortgaged property.
to, and also a promissory note, given to Hanson by some other person, for $50. These items, plaintiffs claim, were rightly credited upon Hanson's individual debt. The court below held otherwise, and of this ruling plaintiffs complain. So far as these credits for the grain are concerned, they are not different from the other items above considered. What we have above said is applicable thereto, and the court, for the reasons stated, correctly ruled in regard to these items. No further attention need be given to them.

We think the decision touching the item of $50 for the note is not correct. The facts connected therewith are as follows: Hanson had sold a reaper, and received the note in payment; he turned it over to plaintiffs with the express understanding, as he testifies, that it should be applied as a credit upon his individual debt to them. This reaper and other property, including the grain, the value of which constitutes the last two items above considered, were covered by a chattel mortgage, executed by Hanson to Dinehart. It is probable that the existence of the mortgage is the ground of the decision of the court below upon the item under consideration. But as it is not shown that plaintiffs had notice that the note had been given for mortgaged property, we think that they were authorized to receive the note from Hanson, and are not accountable to Dinehart therefor. The note was not covered by the mortgage; the mortgagee could not pursue it in the hands of an innocent holder. Hanson and the purchaser of the reaper are liable to Dinehart. We

know of no rule which will require plaintiffs to respond to him for the value of the reaper.

V. The individual debt of Hanson above considered was to E. Kahler & Son. One of this firm is a party to this suit, the other is not. The plaintiffs insist that as the firm is not a party to the action, the court below erred in granting defendants any relief touching the credits on its claim against Hanson. Hanson had these transactions with plaintiffs, or one of them, and, as we have seen, the grain was delivered by him with the understanding that it was to be credited upon the sum due for rent. He had nothing to do with the firm. The credit being wrongfully applied to the firm's account, he is not bound thereby. The plaintiffs are liable for the amount paid on the rent, and it must be credited accordingly. The firm's account against Hanson may be enforced against him. The account of plaintiffs is diminished by the credits on account of the grain. In our opinion, the firm is not a necessary party in this action.

VI. Evidence was introduced, against plaintiffs' objection, tending to show that Dinehart was surety of Hanson. It is now insisted that the evidence is not competent. It is unnecessary to determine the questions thus raised, as our conclusions are not based upon the testimony in question.

VII. Defendants claim that the abstract is unnecessarily prolix, and that plaintiffs are chargeable with this fault, and ought to pay for the unnecessary printing. We need not inquire into the matter, as plaintiffs, under our decision, must pay all the costs of the appeal.

The defendants are entitled to credit for all the items for grain as set out in the decree of the court below. The item of $50 for note ought not to be credited to defendants. The judgment will be reversed, and the cause will be remanded to the court below for a decree in accord with this opinion. The costs of this appeal will be paid by plaintiffs.

REVERSED ON DEFENDANTS' APPEAL.

MODIFIED AND AFFIRMED ON PLAINTIFFS' APPEAL.